The opinion of the Court, was delivered by
Harper, Ch.
The rule of law is, that interest is to be allowed on a legacy from the time it is payable, and if no time of payment is specified, it is at the end of a year after the testator’s death. An exception has been made in some cases, where it appeared that the legacy was intended for the maintenance of children, and in the case of Crickett vs. Dolby, 3 Ves. 16, Lord Alvanley supposes that a wife would certainly come under the same exception. He adds, however, “ I do not find it in the books. It can hardly ever happen that a wife has not some other provision ; and that may make a difference in the case of a child.” The point was not before him, and in Stent vs. Robinson, 12 Ves. 461, where such an application was made, the Master of the Rolls dismissed the petition, observing that there was nothing to support it but that dictum of Lord Alvanley; and no authority to support that, no withstandingthe numerous instances of legacies to wives. On the authority Of that case, and on the general rule of law, the motion must-be granted.
JohNson and O’Neall, JJ., concurred!

Motion granted.